**Opinion issued September 23, 2025**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-23-00656-CV

_____

**MICHAEL CHRISTOPHER TATE, Appellant**

**V.**

**MARIA CONCEPCION LANDA, Appellee**

---

**On Appeal from the 280th District Court**
**Harris County, Texas**
**Trial Court Case No. 2019-76987**

---

## SUPPLEMENTAL MEMORANDUM OPINION ON REHEARING

Michael Christopher Tate appealed an order denying his post-judgment motion to modify a lifetime protective order. Appearing on behalf of Maria Concepcion Landa, the State of Texas contended in its briefing that the post-judgment denial order is not appealable. In our original opinion, we agreed

with Landa and dismissed this appeal for want of jurisdiction. *See Tate v. Landa*, No. 01-23-00656-CV, 2025 WL 1634091, at *2–3 (Tex. App.—Houston [1st Dist.] June 10, 2025, no pet. h.) (mem. op.).

In his motion for rehearing, Tate requests that we construe his appeal as a petition for writ of mandamus. We do so and conditionally grant Tate mandamus relief.

## I.     Background

In October 2019, Landa filed an application in family court for a protective order against Tate, alleging Tate engaged in conduct constituting family violence and also stalking under then-chapter 7A of the Texas Code of Criminal Procedure.[1] A month later, the trial court signed a protective order ("the Protective Order") finding "[Landa] is a victim of STALKING by [Tate], TCCP Chapter 7A," and that the Protective Order is necessary for the prevention of family violence. Pursuant to chapter 85 of the Texas Family Code, the Protective Order prohibited Tate from engaging in numerous actions, including going to or near Landa's residence or place of employment and possessing a firearm. The Protective Order also provided that it "is effective immediately and shall continue in effect for [Tate's] lifetime."

---

[1] Chapter 7A was recodified under chapter 7B in 2019. *See* Act of May 21, 2019, 86th Leg., R.S., ch. 469, 2019 Tex. Gen. Laws 1065 (current version at TEX. CODE CRIM. PROC. arts. 7B.001–.104) (effective Jan. 1, 2021).

After a series of motions and hearings, but no orders, Tate filed a second amended motion to modify the Protective Order, seeking modifications under section 87.001 of the Texas Family Code to restore his right to possess a firearm and to the duration of the Protective Order (and also seeking rescission).

After holding a hearing on Tate's second amended motion, the trial court signed an order on August 22, 2023, denying the motion because the court concluded section 85.025(b-3) of the Texas Family Code deprived the court of power to modify the Protective Order.

## II. Construing Appeal as Petition for Writ of Mandamus

Tate appealed the August 22 Order. After the parties filed briefs, we concluded we lacked jurisdiction over the appeal because the August 22 Order was not appealable and could only be challenged by a petition for writ of mandamus. *Tate*, 2025 WL 1634091, at *2.

In his motion for rehearing, Tate requests that we treat his appeal as a petition for writ of mandamus and sets forth arguments for why the trial court clearly abused its discretion (the same arguments Tate posited in his original brief), and why he has no adequate remedy by appeal. *See In re Nissan N. Am., Inc.*, 711 S.W.3d 66, 74 (Tex. App.—Houston [1st Dist.] 2024, no pet.) (setting forth standards for obtaining mandamus relief). The State responded, arguing that mandamus relief cannot be requested in a direct appeal.

3

The Supreme Court of Texas has made clear that, in the interests of time and resources, a party can request mandamus relief in a direct appeal without the need to file a separate document entitled "petition for writ of mandamus." *CMH Homes v. Perez*, 340 S.W.3d 444, 453–54 (Tex. 2011); *see also Rylander v. Archer Sys. LLC*, No. 01-25-00185-CV, 2025 WL 1460733, at *1 (Tex. App.—Houston [1st Dist.] May 22, 2025, no pet.) (per curiam) (mem. op.) (relying on *CMH Homes* to treat appeal as mandamus petition at appellant's request); *Jones v. Brelsford*, 390 S.W.3d 486, 497 n.7 (Tex. App.—Houston [1st Dist.] 2012, no pet.) ("[A]n appellant who specifically requests that her appeal be treated as a mandamus petition invokes this Court's original jurisdiction."). And courts have permitted parties to make that request in a motion for rehearing after the courts dismissed the appeal (or parts of the appeal) for want of jurisdiction. *See D&H United Fueling Sols., Inc. v. Cementos Ready-Mix, LLC*, No. 08-23-00266-CV, 2024 WL 3565316, at *3 (Tex. App.—El Paso July 26, 2024, no pet.) (mem. op. on reh'g); *Caldwell v. Garfutt*, No. 03-12-00696-CV, 2014 WL 1018089, at *1 (Tex. App.—Austin Mar. 12, 2014), opinion supplemented on reh'g, No. 03-12-00696-CV, 2014 WL 1576871, at *1 (Tex. App.—Austin Apr. 17, 2014, no pet.) (supp. mem. op. on reh'g).

In the interest of judicial economy, we grant Tate's request and construe his appeal as a petition for writ of mandamus.

4

### III.    Whether Trial Court Lacks Authority to Modify Protective Order

### A.    Standards of review and relevant law

"Mandamus is an extraordinary remedy that will issue only when (1) a trial court clearly abuses its discretion and (2) the relator lacks an adequate remedy by appeal." *In re Nissan N. Am., Inc.*, 711 S.W.3d at 74.

This proceeding concerns statutory interpretation, which is a question of law we review de novo.  *See Morath v. Lampasas Indep. Sch. Dist.*, 686 S.W.3d 725, 734 (Tex. 2024).  If the statute is clear and unambiguous, we must apply its words according to their common meaning.  *BCCA Appeal Grp., Inc. v. City of Houston*, 496 S.W.3d 1, 20 (Tex. 2016).  "We presume that the Legislature chooses a statute's language with care, including each word chosen for a purpose, while purposefully omitting words not chosen." *TGS-NOPEC Geophysical Co. v. Combs*, 340 S.W.3d 432, 439 (Tex. 2011).  The trial court clearly abuses its discretion when it interprets the law incorrectly.  *See In re Sherwin-Williams Co.*, 668 S.W.3d 368, 370 (Tex. 2023).

The Protective Order was issued under former chapter 7A of the Code of Criminal Procedure, which is now recodified as subchapter A, chapter 7B of the Code of Criminal Procedure.  Section 7B.008 makes Title 4 of the Family Code applicable to protective orders issued under subchapter A, chapter 7B.  *See* TEX. CODE CRIM. PROC. art. 7B.008 ("To the extent applicable, except as otherwise

5

provided by this subchapter, Title 4, Family Code, applies to a protective order issued under this subchapter." (footnote omitted)).

Title 4 of the Family Code includes the two sections pertinent here which govern certain motions filed after a protective order has issued. First, section 85.025(b), (b-3), which addresses review of a continuing need for an order, and which does not apply to protective order like this one by its express terms:

> (b) A person who is the subject of a protective order may file a motion not earlier than the first anniversary of the date on which the order was rendered requesting that the court review the protective order and determine whether there is a continuing need for the order.
>
> . . .
>
> (b-3) Subsection (b) does not apply to a protective order issued under Subchapter A, Chapter 7B, Code of Criminal Procedure.

TEX. FAM. CODE § 85.025(b), (b-3).

And second, section 87.001, on the other hand, which addresses modification of orders and contains no limitation on who may seek modification:

> On the motion of *any* party, the court, after notice and hearing, may modify an existing protective order to:
>
> (1) exclude any item included in the order; or
>
> (2) include any item that could have been included in the order.

*Id.* § 87.001 (emphasis added).

Also relevant is article 7B.007 of the Code of Criminal Procedure, which, in pertinent part, governs applications to "rescind" protective orders issued under

6

article 7B.003 and provides, "To the extent of any conflict with Section 85.025, Family Code, this article prevails." TEX. CODE CRIM. PROC. art. 7B.007(c). Article 7B.007 specifies who may apply for recission of a protective order, and it is clear that offenders are not permitted to make that request. *Id.* art. 7B.007(b), (b-1); *see also L.S. v. Shawn*, No. 13-17-00224-CV, 2018 WL 4100857, at *3 (Tex. App.— Corpus Christi-Edinburg Aug. 29, 2018, no pet.) (mem. op.).

**B.     The trial court clearly abused its discretion**

Because the Protective Order was issued under what is now subchapter A, chapter 7B of the Code of Criminal Procedure, Tate is precluded from moving for a determination of whether there is a continuing need for the Protective Order under section 85.025(b). TEX. FAM. CODE § 85.025(b-3); *see also L.S.*, 2018 WL 4100857, at *3 n.5 (recognizing that under section 82.025(b-3), the "rescindment procedure [of section 82.025(b)] does not apply to criminal protective orders").

But this prohibition does not preclude Tate from seeking relief provided under other statutes, including modification under section 87.001. *See L.S.*, 2018 WL 4100857, at *2 (recognizing, under section 87.001, that "during the effective period of a protective order, the trial court retains the power and jurisdiction to modify the order by either deleting or adding items to the order"); *see also Lynch v. Lopez*, No. 02-22-00435-CV, 2023 WL 3878434, at *5 (Tex. App.—Fort Worth June 8, 2023, no pet.) (mem. op.) (same); *J.A.T. v. C.S.T.*, 641 S.W.3d 596, 617 (Tex. App.—

7

Houston [14th Dist.] 2022, pet. denied) (same). Seeking rescission of an order, or a determination of a continuing need for an order, is not the same as seeking modification of the order. They are addressed in different statutory provisions, with different requirements, and they have distinct application and meaning.

We further conclude that article 7B.007 does not preclude Tate from seeking relief under section 87.001. Article 7B.007 provides for rescission of a protective order, does not permit offenders to seek such rescission, and prevails over any conflict with section 82.025, but it does not contain any language pertaining to section 87.001's modification provisions. *See* TEX. CODE CRIM. PROC. art. 7B.007(b)–(c).

Accordingly, section 85.025(b-3) and article 7B.007 do not preclude the modification provisions of section 87.001. We hold the trial court clearly abused its discretion by concluding section 85.025(b-3) deprived the court of jurisdiction to consider modification of the Protective Order under section 87.001. We offer no comment on the merits of any effort to seek modification; we hold only that the trial court had jurisdiction to consider a modification request under section 87.001. *See* Tex. Fam. Code § 87.001 (addressing requests to modify to (1) exclude any item

included in the order; or (2) include any item that could have been included in the order).[2]

## C.     Tate has no adequate remedy by appeal

We have already determined that "the August 22 Order is a non-appealable post-judgment order that must be challenged by a petition for writ of mandamus." *Tate*, 2025 WL 1634091, at \*2.  Thus, Tate has no adequate remedy by appeal.

## Conclusion

We grant Tate's motion for rehearing and construe his appeal as a petition for writ of mandamus.  We conditionally grant Tate's petition for writ of mandamus and direct the trial court to vacate the August 22 Order and, "after notice and hearing," consider the merits of Tate's motion to modify.  *See* TEX. FAM. CODE § 87.001.  The writ will issue only if the trial court fails to do so.

Andrew Johnson
Justice

Panel consists of Chief Justice Adams and Justices Caughey and Johnson.

---

[2]     While Tate may seek modifications allowed under section 87.001, we note the obvious following from our analysis—he is precluded from seeking whether there is a continuing need for, or rescission of, the Protective Order under section 85.025 and article 7B.007.  *See* TEX. FAM. CODE § 85.025(b-3); TEX. CODE CRIM. PROC. art. 7B.007.